IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SONJA FREDERIC<br>7061 Som Center Road,<br>Solon, Ohio 44139<br><br><br>　　　　　　　　Plaintiff<br>　　　v.<br><br><br>SPA LAVENDER<br>c/o Chyanne Perry<br>Statutory Agent<br>32901 Station St., #106<br>Solon, Ohio 44139<br><br><br>　　　　-and-<br><br><br>CHYANNE PERRY<br>1585 Hampton Knoll Dr,<br>Akron, OH 44313<br><br>　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(Jury Demand Endorsed Hereon)** |

Plaintiff Sonja Frederic brings this action against Defendant Spa Lavender("Lavender") and Chyanne Perry under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 206, *et seq.*, and the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Law"), O.R.C. §§ 4111.02 *et seq*. The following allegations are based upon information and belief, or personal knowledge as to Plaintiff's own conduct and the conduct and acts of others.

## PARTIES

1. Frederic is a resident of the city of Solon, county of Cuyahoga, state of Ohio.

2. Lavender is an Ohio corporation with its principle place of business located in the city of Solon, County of Cuyahoga, State of Ohio.

3. Lavender is and, at all times hereinafter mentioned, was an enterprise engaged in interstate commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Fair Labor Standards Act ("FLSA"), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.

4. At all times relevant herein, Perry controlled the day to day operations and compensation policies of Lavender, and acted directly or indirectly in the interest of Lavender in relation to its employees.

5. At all times relevant herein, Perry supervised and/or controlled Frederic's employment with Lavender, and acted directly or indirectly in the interest of Lavender.

6. During all times material to this Complaint, Perry were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

7. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Frederic is alleging a federal law claim arising under the Federal Labor Standards Act (FLSA), 29 U.S.C. § 206, *et seq*. Thus, this Court has original jurisdiction over the federal law claims asserted in this Complaint under 28 U.S.C. § 1331.

8. Jurisdiction is proper over Defendants in that all material events alleged in this Complaint occurred in county of Cuyahoga, the county within which Lavender's principle place of business is located.

9. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which the Defendants operate and conduct business, and within which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

10. During all times material to this Complaint, Frederic was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

11. At all times material to the Complaint, Frederic worked at a fixed location at the city of Solon, Cuyahoga county, Ohio.

12. At all times material to the Complaint, Frederic regularly ordered supplies like lotion, cream, massage oil, and linens from out of state suppliers to Lavender such as Skin Scripts in Tempe, which is located in Arizona; Clean Care in Pittsburgh, which is located in Pennsylvania.

13. At all times material to the Complaint, Frederic was engaged in commerce or in the production of goods for commerce, and therefore, was an individual covered by the FLSA.

14. Frederic was hired by Lavender in or around November 2016.

15. Frederic's primary duties did not include the power to exercise discretion or independent judgment with respect to matters of significance.

16. During all times material to this Complaint, Frederic was paid $8.00 per hour by Lavender.

17. In 2016, the minimum wage under the Ohio Wage Law was $8.10 per hour.

18. Defendants paid Frederic less than the minimum wage.

19. During all times material to this Complaint, Frederic was a non-exempt employee under the FLSA.

20. During all times material to this Complaint, Frederic was scheduled to work a fixed schedule running from 9:00 am to 7:00 pm or 9:00 pm, six days a week.

21. At all times material to the Complaint, Frederic recorded her hours using a time punch.

22. At all times material to the Complaint, Defendants automatically deducted half an hour from Frederic's recorded hours for a meal break.

23. At all times material to the Complaint, Frederic routinely worked through lunch with Defendants' knowledge.

24. At all times material to the Complaint, on average, Frederic would work 60 to 70 hours per week.

25. At all times referenced in the complaint, Defendants knew that Frederic regularly worked more than 40 hours per week.

26. In or around December of 2016, Frederic complained to Perry about not being paid overtime.

27. In response to Frederic's complaint, Perry called Frederic a "silly rabbit."

28. Perry further admitted that she automatically deducted half hour whenever Frederic worked for six hours, even if Frederic did not take an actual break.

29. On or around April 26, 2017, Frederic sent an email to Perry again complaining she was not paid properly and sufficiently.

30. Perry fired Frederic immediately for complaining about not being paid properly without giving any reason.

31. At all times referenced herein, Defendants were aware of their obligations under the FLSA and Ohio Wage Act.

32. Despite their knowledge of their obligations under the FLSA and the Ohio Wage Act, Defendants never compensated Frederic at a rate of time-and-one-half of her regular rate of pay for all time she worked in excess of 40 hours per workweek.

33. Defendants terminated Frederic because she complained about violations of the FLSA and/or Ohio Wage Law.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

34. Frederic restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

35. During all times material to this complaint, Frederic was not exempt from receiving minimum wage under the FLSA because, *inter alia*, she was not an "executive," "computer," "administrative," "inside sales," "outside sales," or "professional" employee, as defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

36. Frederic was non-exempt by the virtue of the fact that she was paid hourly.

37. During all times material to this Complaint, Defendants violated the FLSA by failing to compensate Frederic at a rate of time-and-one-half of her regular rate of pay for all time she worked in excess of forty (40) hours per workweek prescribed by 29 U.S.C. § 207.

38. During all times material to this complaint, Defendant willfully and/or recklessly violated 29 U.S.C. § 207.

39. In violating the FLSA, Defendants acted without a good faith basis, unreasonably, and in reckless disregard of clearly applicable FLSA provisions.

40. As a direct and proximate cause of Defendant's conduct, pursuant to 29 U.S.C. § 216(b), Defendant is liable to Frederic for the full amount of her overtime pay, and an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## COUNT II: VIOLATION OF THE OHIO WAGE ACT

41. Frederic restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

42. The Ohio Wage Act requires that covered employer pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty (40) hours in one workweek. O.R.C. §§ 4111.03, et seq.

43. During all times material to this complaint, Lavender was a covered employer required to comply with the Ohio Wage Act's mandates.

44. During all times material to this complaint, Frederic was a covered employee entitled to individual protection of Ohio Wage Act.

45. Defendants paid Frederic $8.00 per hour.

46. The Ohio minimum wage was $8.10 in 2016 and $8.15 in 2017 respectively.

47. Defendant violated the Ohio Wage Act with respect to Frederic by, *inter alia*, failing to pay Frederic minimum wage.

48. Defendant violated the Ohio Wage Act with respect to Frederic by, *inter alia*, failing to pay Frederic at a rate of time-and-one-half of her regular rate of pay for all time she worked in excess of 40 hours per workweek.

## COUNT III: RETALIATION IN VIOLATION OF THE FLSA

49. Frederic restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

50. The FLSA prohibits retaliation by employers against employees for asserting their rights under the FLSA. Specifically, the FLSA provides that "it shall be unlawful for any person . . . to

discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . ." 29 U.S.C. § 215(a)(3).

51. Throughout Frederic's employment, she made complaints to Defendants asserting her rights under the FLSA.

52. Following Frederic's complaints, Defendants retaliated against Frederic by terminating her immediately.

53. Frederic's complaint was a proximate cause of Defendants' retaliation.

54. Defendants' act constituted retaliation in violation of 29 U.S.C. § 215(a)(3).

55. As a direct and proximate cause of Defendants' retaliatory conduct, Frederic suffered and will continue to suffer damages.

## COUNT V: RETALIATION IN VIOLATION OF THE OHIO WAGE ACT

56. Frederic restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

57. The Ohio Wage Act protects employees from retaliation by employers for asserting rights that are protected by law. O.R.C. § 4111.13 (B).

58. Throughout Frederic's employment, she made complaints to Defendants asserting her rights under the Ohio Wage Act.

59. Following Frederic's complaints, Defendants retaliated against Frederic by terminating her.

60. Frederic's complaints were a proximate cause of Defendants' retaliation.

61. Defendants' act constituted retaliation in violation of O.R.C. § 4111.13 (B).

62. As a direct and proximate cause of Defendants' retaliatory conduct, Frederic suffered and will continue to suffer damages.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Sonja Frederic request judgment against Defendants Lavender and Perry and for an Order:

(a) Awarding to Frederic all unpaid overtime wages due as determined at trial together with any liquidated damages allowed by FLSA;

(b) An award against each Defendant of compensatory and monetary damages to compensate Frederic for unpaid overtime compensation, unpaid wages, back pay, front pay, physical injury, physical sickness, and other consequential and/or liquidated damages, in an amount in excess of $25,000.00 to be proven at trial;

(c) Awarding Frederic costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(d) Awarding Frederic any such other and further relief as the Court deems just and proper;

(e) An injunction prohibiting Defendants from engaging in future violations of the FLSA, or the Ohio Wage Law; and

(f) For a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
Siqin "Carol" Wang (0097181)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Road, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com
          carol.wang@spitzlawfirm.com

*Attorneys for Plaintiff Sonja Frederic*

## JURY DEMAND

Plaintiff Sonja Frederic demands a trial by jury by the maximum number of jurors permitted.

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**