UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SONJA FREDERIC, | ) | Case No. 1:18-CV-971 |
| | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| Plaintiff, | ) | |
| | ) | **JOINT MOTION FOR APPROVAL OF** |
| vs. | ) | **SETTLEMENT** |
| | ) | |
| SPA LAVENDER, et al | ) | |
| | ) | |
| Defendants. | | |

    Plaintiff Sonja Frederic and Defendants Spa Lavender and Chyanne Perry ("Defendants") (Plaintiffs and Defendant collectively referred to as the "Parties"), by and through counsel, respectfully move this Court for an Order approving the Settlement reached by the Parties and memorialized in the Confidential Settlement Agreement and General Release ("Settlement"). The Settlement seeks to resolve the claims Plaintiff has asserted against Defendants under the Fair Labor Standards Act ("FLSA") and Ohio law relating to the payment of wages.

    The Parties respectfully submit that the Settlement between Plaintiff and Defendants is fair and reasonable, and satisfies the criteria for approval under § 216(b) of the FLSA. The Settlement was achieved during arm's length negotiations among the Parties, conducted by experienced counsel, with the assistance of Magistrate Judge Thomas M. Parker. If approved by the Court, the Settlement will make substantial settlement payments to Plaintiff.

    The settlement documents submitted for approval by the Court consist of the following:

    Exhibit A:    Confidential Settlement Agreement and General Release ("Agreement").

    Exhibit B:    Stipulated Order and Final Judgment.

    The following sections explain the nature of the Action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement.

**I.     THE ACTION**

On April 27, 2018, Plaintiff initiated this action against Defendants under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and the Ohio Minimum Fair Wages Standards Act (the "Ohio Wage Act"), O.R.C. §§4111.01 *et seq*. [Dkt. #1]. Specifically, Plaintiff alleged that she had been paid less than the minimum wage; was not paid overtime; and was terminated after made protected complaints about Defendant's failure to properly pay her. Defendant denied these allegations. [Dkt. #4].

**II.    THE NEGOTIATIONS**

The Parties through their respective experienced attorneys, engaged in arm's length negotiations in an effort to resolve this matter. Specifically, on or about September 24, 2018, the parties participated in a mediation before Magistrate Judge Thomas M. Parker, who assisted the parties in reasoned settlement negotiations through evaluation of risk to both sides. During those negotiations, the parties were able to reach a settlement that fairly reflected the small amount of damages claimed, $3,000.00.

During the following weeks, the Parties' counsel drafted, reviewed, revised and approved the attached settlement agreement. Defendants signed the settlement agreement on December 1, 2018; Plaintiff signed on December 12, 2018.

**III.   THE SETTLEMENT TERMS**

If approved by the Court, the Settlement will forever resolve all issues between Plaintiff and Defendant. The Total Settlement Payment of Three Thousand dollars ($3,000.00) will be distributed as follows:

- Plaintiff - a total amount of $1,302.00 dispersed as follows:
    o Two checks for Six Hundred Fifty-One Dollars and No Cents ($651.00)
- Attorneys' fees and costs - a total amount of $1,698.00, dispersed as follows:

- o Two checks for Eight Hundred Forty Nine Dollars and No Cents ($849.00) made payable to "The Spitz Law Firm LLC" for allegations of attorneys' fees and costs, of which One Thousand Two Hundred Dollars and No Cents ($1,200.00) is allocated as attorney fees and Four Hundred Ninety-Eight Dollars and No Cents ($498.00) is alleged as costs.

These payments will be made no later than fourteen days after Court's entry of an Order granting approval of the Settlement and dismissal of the action with prejudice.[1]

## IV. THE PROPRIETY OF APPROVAL

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA as explained below, Court approval is warranted.

### A. The Settlement is a fair resolution of a bone fide dispute.

The court presiding over an FLSA action may approve a proposed settlement of the action under § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

The payments to Plaintiffs are fair, reasonable, and adequate given that there exist bona fide disputes between the Parties, including significant disagreement about the number of hours Plaintiff worked and was paid for. The range of possible recovery is open to dispute. Moreover, Defendant's financial condition made it prudent for Plaintiff to resolve this matter at this time, before the significant cost of proceeding with the litigation left Defendant uncollectable.

---

[1] While the original agreement called for two installments, with the second installment due by December 27, 2018, delays in completing the settlement will now result in the entire amount being paid pursuant to the 14-day clause, which will be later than December 27, 2018.

- During settlement negotiations, the parties significantly disputed their competing calculations of wages due plaintiff due to confusing time card entries, the competing interpretations of which involved significant questions of fact;

- Defendants counsel contended that Plaintiff resigned her employment voluntarily; Plaintiff contended that she was terminated after make wage complaints;

- In addition, significant disagreement existed over whether Defendants were liable for liquidated damages.

The Settlement between the Parties results in Plaintiff receiving approximately 95 percent of the amount of her claimed unpaid wages and liquidated damages (and an additional amount for other employment claims that that never raised), less payments of attorneys' fees and costs.

The Parties recognized and took into consideration the risks and costs associated with protracted litigation in reaching this resolution. Accordingly, the settlement proceeds are fair, reasonable and adequate.

The payment of attorneys' fees and costs is likewise fair, reasonable, and adequate. Such fees and costs represent 40% of the total settlement and $526.00 in costs. Courts within the Sixth Circuit consider the following in determining what constitutes a reasonable and fair percentage of attorneys' fees: (1) the value of the benefits to the class; (2) society's interest in rewarding attorneys who achieve such benefits; (3) whether the services were undertaken on a contingent fee bass; (4) the value of the services on an hourly basis; (5) the complexity of the litigation; and (6) the skill of the litigators on both sides. *Rotuna v. West Cust. Mgm't Group LLC*, 2010 WL 2490989, at *2 (N.D. Ohio June 15, 2010); *Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933 (N.D. Ohio March 8, 2010). Based upon these factors, in particular the total settlement amount and the complexity of this matter, as well as such awards in similar cases, attorneys' fees in the amount of 33-40% the total settlement amount is reasonable. *See Dillworth*, 2010 WL

776933 at *8 (approving award of one-third of settlement payment for attorneys' fees; finding award reasonable in comparison with "similar FLSA collective actions in this judicial district."; *Rotuna*, 2010 WL 2490989, at *5 (approving an award of one-third of settlement payment for attorneys' fees); *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994 (S.D. Ohio May 30, 2012)(approving an award of attorneys' fees of nearly 52% of the total settlement amount and costs in the amount of $28,301.57).

## V. CONCLUSION

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Stipulated Order and Final Judgment attached as Exhibit B.

Respectfully submitted,

| | |
|---|---|
| /s/ *Christopher P. Wido* | /s/ *Joseph Dubyak* |
| Christopher P. Wido (0090441) | Joseph Dubyak (0025054) |
| **THE SPITZ LAW FIRM** | 700 West St. Clair Ave. |
| 25200 Chagrin Boulevard, Suite 200 | Suite 400 |
| Beachwood, Ohio 44122 | Cleveland, Ohio, 44113-1274 |
| Telephone: 216.291.4744 | Email: jadubyak@hotmail.com |
| Facsimile: 216.291.5744 | |
| Email: chris.wido@spitzlawfirm.com | **Attorney for Defendants** |
| **Attorney for Plaintiff** | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Joint Motion for Approval of Confidential Settlement and Stipulation of Dismissal with Prejudice* was filed electronically with the Court's electronic filing system and will be served on all parties via the Court's electronic filing system.

/s/ *Chris P. Wido*
Chris P. Wido
**Attorneys for Defendant**